*352 OPINION
By GEIGER, PJ.
This cause is before this Court on appeal on questions of law from the judgment of the Municipal Court of Dayton rendered upon a directed verdict on behalf of plaintiff-appellee in the sum of $316.00.
On July 1, 1941, a statement of claim and affidavit was filed and on the same day, by virtue of warrant of attorney, an answer was filed waiving the issue of service and confessing judgment in favor of plaintiff in the sum of $316.00.
On July 2nd, 1941, a judgment was rendered against the defendant in the sum of $316.00.
Later the defendant filed a motion to set aside the judgment and to issue an order suspending proceedings for the reason (1) Because no security for costs had .been filed (2) That plaintiff had failed to attach a copy of the note to the petition and (3) That defendant has a valid defense to this cause of action in that at the time of the execution of the cognovit note the defendant was an infant and that after he had arrived at full age he disaffirmed said contract.
With this motion an affidavit is filed stating minority of the defendant and that since his arrival at the age of 21 he disaffirms said judgment. Thereupon, on September 16th the Court ordered that the judgment and all proceedings be suspended pending a trial upon the issues presented.
On September 16th the defendant filed an answer alleging that upon the date of the note, October 6, 1929, he was a minor of 19 years, and that the plaintiff was aware of the fact of his minority. The answer prays that the statement of claim be dismissed. A jury was impaneled and upon request of the plaintiff and consent of the defendant the statement of claim: under date of November 10, 1941, is substituted for the statement of claim filed as of July 1, 1941.
The substituted statement of claim is that the plaintiff claims there is due to her on the note, together with the warrant of attorney dated October 8, 1929, the sum of $316.00 for which judgment is prayed. ,
The plaintiff in reply to the defendant’s answer denies the allegations of his infancy and his repudiation of the contract. i
The trial proceeded before the jury and the copy of the cognovit note was introduced and the plaintiff thereupon rested. The defendant testified that he was born on May 20, 1910, introducing a birth certificate to that effect. He admits the signature to the note originally made in the sum of $200.00 payable one year after date to the plaintiff, the note being dated October 8, 1929 at which time defendant was 19 years old. The defendant being asked whether or not the plaintiff knew of his age at that time, an objection was interposed and sustained and exceptions noted. Thereupon the defendant rested.
Plaintiff moved the Court to direct the jury to return a verdict for the plaintiff in the amount sued for and the defendant asked that the record show that the defendant joins in the request for a decision by the Court. The Court stat *353 ed that two motions for directed verdict having been filed, it became necessary for the Court to make a decision and to direct the jury to bring in a verdict in accordance therewith. The Court stated that it found that the defense of minority is affirmative and that the burden is' upon the defendant to show by a preponderance that he was not only a minor but that at the time of arriving at the age of majority or within a reasonable time thereafter, he disaffirmed the contract. The Court found that the note was a voidable instrument and was a valid and subsisting contract until dis-affirmed by the defendant, and that the case shows no disaffirmance on the part of the defendant and that therefore it was a legal contract and then in existence. The Court thereupon found in favor of the plaintiff and against the defendant in the amount of $316.00 and instructed the jury to return such a judgment.
A copy of the note is attached to the bill of exceptions showing the same dated October 8, 1929 for the sum of $200.00 payable to Ruth McKenzie. Said note was printed as a note form to the First Troy National Bank and Trust Company which was deleted and the name of Ruth McKenzie substituted after the power of attorney. The power of attorney did not contain ,Buch deletion and in the printed form authorized the confession of judgment in favor of “The First Troy National Bank and Trust ’Company.”
We give no attention to that which is evidently a mistake as it is not asserted as a ground of error.
The case was duly certified to this Court and an Assignment of Errors was filed alleging,
(1) That the Court erred in sustaining the objection of counsel on the inquiry as to whether plaintiff knew defendant’s age at the time of the signing of the note.
(2) The Court erred in directing a verdict for the plaintiff.
(3) To like effect.
(4) For other errors apparent.
Both counsel have filed briefs raising questions which seem to the Court to be of little or no consequence as they relate mostly to the form in which the procedure stood at the time the Court allowed a motion suspending the judgment.
At the trial the plaintiff introduced the agreed substituted statement of claim and rested. The defendant thereupon proved his minority and rested and both plaintiff and defendant submitted to the Court a motion for directed verdict. The Court found the defendant was a minor at the time the note was signed, but that the defense was affirmative and the burden was upon the defendant both to show that he was a minor and that he disaffirmed the contract during minority or within a reasonable time thereafter. The Court finds that there was no evidence of disaffirmance. The case was not tried upon the cognovit provisions of the note but upon the note itself which was introduced in evidence.
A promissory note made by an infant is voidable only. 21 O. Jur. under title “Infants”, Sec. 25, p. 885.
Same authority, Section 32, is to the effect that though there are contracts which an infant may disaffirm, there is nothing requiring him to do so-. An infant, after attaining majority, may disaffirm contracts made during minority. There is no definite rule as to how soon after an infant reaches majority, he must exercise his privi *354 lege to disaffirm. “It may be said in general that this must be done within a reasonable time thereafter considering the circumstances of the particular case.”
The note in this case was given in 1929. The defendant- was born in 1910 and the action was brought in 1941. The minority terminated in 1931 and for a period of ten years the defendant remained mute as to his disaffirmance. His action in this respect deprives him of any right to now assert that the note was void because •of his infancy.
Defendant states in his answer that he disaffirmed the same upon reaching majority but there is nothing in the record showing any such disaffirmance and the Court states in his finding that there was no disaffirmance.
As to the claim that the Court erred in sustaining the objection to the inquiry as to whether the plaintiff had knowledge of his minority is of no consequence, although in some cases such knowledge has been commented upon by the courts.
Judgment of the Court below affirmed.
BARNES, J., concurs.